# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS AGUILAR,<br><br>             Plaintiff,<br><br>   v.<br><br>D. LOZANO, et al.,<br><br>            Defendants. | Case No. 1:10-cv-00706-LJO-SAB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS AND DEFENDANTS FOR FAILURE TO STATE A CLAIM**<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

## I.

## SCREENING REQUIREMENT

     Plaintiff Jesus Aguilar is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed April 22, 2010. (ECF No. 1.)

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

     In determining whether a complaint states a claim, the Court looks to the pleading

1

standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is the custody of the California Department of Corrections and Rehabilitation and is currently incarcerated at Sierra Conservation Center. Plaintiff brings this action against Correctional Officers D. Lozano and E.Fanell and Inmates Hearst and Ibarra alleging violation of the First, Eighth, and Fourteenth Amendments and state law claims.

Plaintiff arrived at Wasco State Prison on September 19, 2008. (Compl. 3,[1] ECF No. 1.) On September 24, 2008, while placing his food tray outside his cell, Plaintiff was attacked by inmates Hearst and Ibarra. (Id. at ¶¶ 1, 3.) Plaintiff alleges that Defendant Lozano instructed Defendant Fanell to open three cells without the required number of officers on the floor in

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

1  violation of standard operating procedure.  (Id. at ¶ 4.)  Defendants Lozano and Fanell knew that
2  the housing unit contained gang members that would attack other inmates if they were given the
3  opportunity.  (Id. at ¶ 7.)  Plaintiff contends that Defendants Lozano and Fanell knew that inmates
4  Hearst and Ibarra were Bulldog gang members with an assaultive history.  (Id. at ¶ 10.)  Plaintiff
5  claims that he was isolated in the reception center by correctional officers informing the Bulldog
6  gang members that he was going to file charges.  (Id. at p. 6.)  Plaintiff brings this action alleging
7  failure to protect, reckless disregard and negligent conduct in the performance of a peace officer's
8  duties, and intentional and deliberate indifference.

9  For the reasons set forth below, Plaintiff's complaint states a claim against Defendants
10 Lozano and Fannell for violation of the Eighth Amendment, but fails to state any other cognizable
11 claims for relief.

## III.

## DISCUSSION

### A.  Eighth Amendment Claims[2]

Prison officials are required to take reasonable steps to protect inmates from physical abuse.  Farmer v. Brennan, 511 U.S. 825, 837, 833 (1994)); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472 (1995)); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

At the pleading stage, Plaintiff's allegation that Defendants Lozano and Fanell opened multiple cell doors without sufficient staffing to prevent gang members from attacking him are sufficient to state a claim against Defendants Lozano and Fannell for deliberate indifference in violation of the Eighth Amendment.

---

[2] While Plaintiff states his claims as violations of the First, Eighth, and Fourteenth Amendments, Plaintiff's allegations raise violations of the Eighth Amendment and various state law claims.

3

**B. Inmate Defendants**

Plaintiff's allegations against inmates Hearst and Ibarra fail to state a cognizable claim. Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). "The United States Constitution protects individual rights only from government action, not from private action." Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746 (9th Cir. 2003). "Only when the government is responsible for a plaintiff's complaints are individual constitutional rights implicated." Single Moms, Inc., 331 F.3d at 746-47 (citing Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S. Ct. 924, 930 (2001)).

Absent state involvement which rises to the level of acting under the color of law, which is not present in this instance, the inmates do not qualify as state actors. *See* Price v. State of Hawaii, 939 F.2d 702, 708-09 (9th Cir. 1991) (describing the ways a private party may be found to be a state actor for the purposes of liability under section 1983). The Court finds that this claim is unable to be cured by amendment and therefore leave to amend should not be granted.

**C. State Law Claims**

Plaintiff also brings claims of negligence and reckless disregard in violation of state law against Defendants Lozano and Fannell. The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act. Cal. Gov't Code § 950.6; Bodde, 90 P.3d at 123. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." Bodde, 90 P.3d at 120.

In this instance, Plaintiff sought to file a late claim with the Victims Compensation Board which was denied. (ECF No. 1 at 2.) Since Plantiff did not comply with the Government Claims Act, Plaintiff is unable to state a claim for violations of state law. Because Plaintiff is unable to cure the deficiency in his state law claims it would be futile to grant leave to amend.

## IV.

## CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff's complaint states a cognizable claim against Defendants Lozano and Fannell for a violation of the Eighth Amendment, but does not state any other claims for relief under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed April 22, 2010, against Defendants Lozano and Fannell for deliberate indifference in violation of the Eighth Amendment;

2. Plaintiff's remaining federal and state law claims be dismissed, with prejudice, for failure to state a claim; and

3. Defendants Hearst and Ibarra be dismissed from this action for Plaintiff's failure to state a claim against them under section 1983.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the

5

magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 19, 2013**

UNITED STATES MAGISTRATE JUDGE