# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS AGUILAR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. LOZANO, et al.,<br><br>　　　　　Defendants. | Case No.  1:10-cv-00706-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>FOURTEEN DAY DEADLINE |

　　　　　Plaintiff Jesus Aguilar is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 22, 2010.  On April 19, 2013, the Court issued a findings and recommendation recommending dismissing certain claims and defendants for failure to state a claim.  On May 7, 2013, the findings and recommendation was returned by the United States Postal Service as undeliverable, discharged.  On September 16, 2013, an order issued adopting the findings and recommendations and referring this action back to the undersigned.

　　　　　Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times.  Local Rule 183(b) provides, in pertinent part: "[i]f mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure

to prosecute." In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address.[1]

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned mail. Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there are no other reasonable alternatives available. See Carey, 856 F.2d at 1441.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED, without prejudice, based on Plaintiff's failure to prosecute.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

///

///

---

[1] The Court has checked the California Department of Corrections and Rehabilitation ("CDCR") inmate locator and there is no inmate with Plaintiff's CDCR inmate number currently in custody.

time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 17, 2013**

UNITED STATES MAGISTRATE JUDGE

3